ORIGINAL

**MCGUIREWOODS LLP**
Matthew C. Kane, Esq. (SBN 171829)
Email: mkane@mcguirewoods.com
Sara E. Willey, Esq. (SBN 249701)
Email: swilley@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

Attorneys for Defendant
KELLOGG USA, INC.

ADR

E-FILING

FILED
2008 AUG 26 A 10: 21
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Fee Paid
NP
5

C/HRL

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ANGELINA SANCHEZ,<br>Plaintiffs,<br>vs.<br>KELLOGG USA, INC.; DOES 1-20,<br>Defendants. | CASE NO: C08 04062 HRL<br>[Santa Clara County Superior Court Case No. 108CV117192]<br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br>Complaint Filed: July 14, 2008 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant KELLOGG USA, INC. ("Defendant"), by and through its undersigned counsel, hereby removes the above-entitled action currently pending in the Superior Court of the State of California in and for the County of Santa Clara (the "State Court") to the United States District Court for the Northern District of California on the ground that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of its Notice of Removal, Defendant avers as follows:

## STATE COURT ACTION

1. Plaintiff Angelina Sanchez ("Plaintiff") filed a Complaint against Defendant in the State Court on July 14, 2008 styled as Angelina Sanchez v. Kellogg USA, Inc., Case No. 108CV117192 (the "State Court Action"), a true and correct copy of which is attached hereto as Exhibit A.

2. On August 12, 2008, Defendant's registered agent for service of process was served with a copy of the Complaint and the following documents from the State Court Action, a true and correct copy of each of which is attached hereto as the Exhibits identified below:

| | |
|---|---|
| Exhibit B: | Summons |
| Exhibit C: | Civil Lawsuit Notice |
| Exhibit D: | Superior Court of California Alternative Dispute Resolution Information Sheet/Civil Division |
| Exhibit E: | Civil Case Cover sheet |

3. Defendant is informed and believes that there has been no service of process upon Defendants Does 1 through 20, which are fictitious defendants who have not been served, and thus are to be disregarded for the purposes of this removal. 28 U.S.C. § 1441(a).

4. Defendant is informed and believes that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

5. The basis for removal to federal court is diversity jurisdiction pursuant to 28 U.S.C. § 1332, because: (1) there is complete diversity of citizenship between Plaintiff and Defendant, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. In accordance with 28 U.S.C. § 1446(d), Defendant has given contemporaneous written notice of this Notice of Removal to all adverse parties and the Clerk of the Superior Court for the County of Santa Clara.

7. As required by 28 U.S.C. § 1441, Defendant seeks to remove this case to the United States District Court for the Northern District of California which is the District Court embracing the place where the State Court Action has been filed.

**DIVERSITY OF CITIZENSHIP**

8. Plaintiff is a citizen of the State of California. See, e.g., Complaint (Ex. A), ¶ 5.

9. As shown in the records of the Secretary of State of the State of California, Defendant is a Michigan corporation with its corporate headquarters and principal place of business in Battle Creek, Michigan. Therefore, Defendant is a citizen of the State of Michigan. See http://kepler.sos.ca.gov/corpdata/ShowAllList?QueryCorpNumber=C1819877.

10. Accordingly, complete diversity of citizenship existed between Plaintiff and Defendant at the time Plaintiff's Complaint was filed, and complete diversity of citizenship exists at the time of removal.

11. Venue lies in this Court because Plaintiff's action is pending in this district and division. See 28 U.S.C. § 1441(a).

## AMOUNT IN CONTROVERSY

12. Plaintiff does not seek a specific amount of damages in their Complaint. However, a defendant may remove a suit to a federal court notwithstanding the failure of a plaintiff to plead a specific dollar amount in controversy. Where, as here, Plaintiff alleges no specific amount of damages, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. See Lowdermilk v. United States Nat'l Assoc., 479 F.3d 994, 998 (9th Cir. 2007); Abrego v. Dow Chemical Co., 443 F.3d 676, 683 (9th Cir. 2006). To satisfy the preponderance of the evidence test, a defendant must provide evidence that "it is more likely than not" that the amount in controversy is satisfied. See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). In determining the amount in controversy, the Court may look beyond the complaint to determine whether the amount in controversy is met. See Abrego, supra, 443 F.3d at 690.

13. As a result of the alleged harm or injuries suffered by Plaintiff, her Complaint seeks unspecified amounts of damages for the following: (1) general, compensatory, special, and punitive damages; (2) costs and attorneys' fees; (3) prejudgment interest; and (4) such further and additional relief as the court deems appropriate. See Complaint (Ex. A), ¶¶ 17-19, 25-27, and Prayer for Relief.

14.   Plaintiff filed this action as one within the unlimited civil jurisdiction of the State Court. As such, Plaintiff has represented to the State Court that the amount of damages being demanded by her exceeds $25,000.00. See Civil Case Cover Sheet (Ex. E).

15.   Plaintiff's complaint also alleges that "[o]n or about March 9, 2007, Plaintiff was terminated from her employment with Defendant Kellogg" and that "[a]s a proximate result of the conduct of defendants, Plaintiff has suffered wage and benefit loss, and will continue to suffer future wage and benefit loss." See Complaint (Ex. A), ¶¶ 18, 23, 26. As such, Plaintiff alleges that she has been accruing back pay wage loss damages since March 9, 2007, through and including the present time, a period currently calculated to be approximately 18 months as of the time of removal. At the time of her termination, Plaintiff was a full-time hourly employee earning **$16.39** per hour. Based on a standard full-time schedule of 2,080 hours per year, Plaintiff's **annual** wages were **$34,091.20**. Therefore, for a period of **18 months**, Plaintiff's alleged back pay wage loss damages are currently calculated to be at least **$51,136.80**. Assuming it takes at least another year for this case to be resolved through trial, it is more likely than not that Plaintiff's demand for back pay wage loss damages will be claimed to be a period of **30 months**, thereby increasing the amount in controversy for these damages to **$85,228.00**. See L. Christensen Decl.

16.   Plaintiff's Complaint also alleges that "[a]s a proximate result of the conduct of defendants, Plaintiff has suffered emotional distress and continues, and will continue to suffer emotional distress." See Complaint (Ex. A), ¶¶ 17, 25. Plaintiffs' demands for emotional distress damages in employment discrimination cases such as this one typically equal or exceed their demands for back pay wage loss damages. As such, it is more likely than not that the amount in controversy in this action for such damages is at least **$85,228.00** as well.

17.   Plaintiff's Complaint also seeks an award of punitive damages. See Complaint (Ex. A), ¶¶ 19, 27. Plaintiffs' punitive damages claim should be included in determining the amount in

controversy. Gibson v. Chrysler Corp., 261 F. 3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); see also Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005) ("The calculation of the amount in controversy . . . takes into account claims for "general" damages, "special" damages, punitive damages if recoverable as a matter of law, and attorneys' fees recoverable by statute or contract."); Yeroushalmi v. Blockbuster, Inc., 2005 U.S. Dist. LEXIS 39331, *19 (discharging OSC Re: Remand, stating that in determining amount in controversy, "it is proper to consider the cost of injunctive relief, ***potential punitive damages***, and attorney's fees.") (Emphasis added.) In State Farm Mut. Automobile Ins. Co. v. Campbell, 538 U.S. 403, 425 (2003), the United States Supreme Court said that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "[s]ingle-digit multipliers are more likely to comport with due process." Utilizing the median ratio of 3:1 that State Farm found to be "instructive," it is more likely than not that the amount in controversy as to potential punitive damages, based on the potential amount in controversy for Plaintiff's purported claims for back pay wage loss and emotional distress damages is **$511,368.00** ([$85,228.00 + $85,228.00] x 3).

18. Plaintiff's Complaint also demands an award of attorneys' fees, which could only be awarded in this action pursuant to California's Fair Employment & Housing Act ("FEHA") based on the allegations of the Complaint. See Complaint (Ex. A), Prayer for Relief. Where attorneys' fees are authorized by statute, they are appropriately part of the calculation of the "amount in controversy" for purposes of removal. Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2001); Johnson v. America Online, Inc., 280 F.Supp.2d 1018 (N.D. Cal. 2003). The Court's own knowledge and experience in ruling on prevailing plaintiffs' motions for attorneys' fees in sexual harassment and retaliation/wrongful termination litigation such as this should indicate that it is more likely than not that the Plaintiff will be seeking an attorneys' fees award of at least **$75,000.00** if this case is litigated to judgment in a jury trial (which Plaintiff demands in

her complaint at page 5:2). Defendant reasonably estimates at this juncture that its own attorneys' fees to defend this action through a jury trial and post-trial motions will be over $75,000 based on its own past litigation experience.

19. In sum, because there is complete diversity of citizenship between Plaintiff and Defendant and because Plaintiff seeks damages and attorneys' fees in excess of the $75,000 jurisdictional threshold, Defendant may remove this action pursuant to 28 U.S.C. §§ 1332 and 1441(b). This action is one over which the United States District Courts have original jurisdiction by reason of the diversity of citizenship of the parties. Furthermore, this Notice of Removal is timely as it is being filed less than thirty (30) days after Defendant received a copy of Plaintiff's Complaint.

20. Nothing in this Notice is intended or should be construed as any type of express or implied admission by Defendant of any fact, of the validity or merits of any of Plaintiffs' claims, causes of action, and allegations, or of any liability for the same, all of which is/are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendant's rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

WHEREFORE, Defendant respectfully requests that the above-captioned action now pending in the State Court be removed to this United States District Court.

DATED: August 26, 2008

**McGuireWoods LLP**

By: [signature]

Matthew C. Kane, Esq.
Attorneys for Defendants
KELLOGG USA, INC.

ROBERT DAVID BAKER, INC.
Robert David Baker, Esq. (87314)
Tim Reed, Esq. (242578)
1611 The Alameda
San Jose, CA 95126
(408) 292-8555

Attorney for Plaintiff
ANGELINA SANCHEZ

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

ANGELINA SANCHEZ;

Plaintiff,

vs.

KELLOGG USA, INC.; DOES 1-20,

Defendants.

CASE NO. 108CV117192

COMPLAINT FOR DAMAGES

Plaintiff, Angelina Sanchez, alleges:

1. Defendant KELLOGG USA, INC., (hereinafter referred to as "Kellogg") is a California corporation duly organized and doing business under the laws of the State of California and doing business in the County of Santa Clara, and is a subject to suit under the California Fair Employment and Housing Act, which is codified at Government Code §§ 12900, *et seq.* (hereinafter FEHA), in that Defendant Kellogg is an employer who regularly employs 1 or more persons according to the meaning given within Government Code § 12926(d);

2. JUAN DOE, (hereinafter referred to as "DOE") at all times herein alleged, was a resident of the State of California and an employee of Kellogg USA, Inc.;

3. Plaintiff is ignorant of the true names and capacities of those defendants sued herein as Does 1-20, and therefore sue these defendants by such fictitious names. Plaintiff will

amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereby alleges that each DOE Defendant is in some manner responsible for the conduct alleged herein;

4. At all times alleged each of the individual Defendants mentioned herein were the agents and employees of the corporate defendant and, in doing the things herein alleged, were acting within the course and scope of such agency and employment. The actions of the individuals were authorized, approved, and ratified by the corporate defendant;

5. The unlawful employment practices alleged herein occurred in the County of Santa Clara, State of California and said county is the place Plaintiff would have continued to work had said unlawful practices had not occurred. Injury to Plaintiff occurred in Santa Clara County, California. Plaintiff's employment with Defendant was to have been performed in Santa Clara County, California;

6. Plaintiff is an adult female;

7. Plaintiff is a member of a protected group, *i.e.* females, which the FEHA protects against employment discrimination;

8. At all times alleged herein Plaintiff was an employee of Kellogg;

9. Plaintiff was hired by Kellogg as a machine operator on or about 2000;

10. Plaintiff has filed a complaint with the Department of Fair Employment and Housing, and has obtained a right to sue letter;

**FIRST CAUSE OF ACTION**
**(Sexual Harassment - Hostile Environment)**
**(As to All Defendants)**

11. Plaintiff incorporates those paragraphs 1-10 as if set forth hereinafter in their entirety;

12. On or about February 27, 2007 Juan DOE harassed Plaintiff because of her sex in the form of lewd and inappropriate gestures and comments, specifically including the comment that her wallet was in his pants accompanied by a gesture mimicking masturbation;

13. The conduct of Juan DOE was unwelcome;

14. The conduct of Juan DOE was sufficiently severe and pervasive as to alter the conditions of Plaintiff's employment, and did alter the conditions of Plaintiff's employment and created a hostile and abusive working environment;

15. Immediately after the unwelcome conduct mentioned in paragraph 14, *supra*, Plaintiff informed her immediate supervisor, Wallace Thomas;

16. For the next several days after the conduct mentioned in paragraph 14, *supra*, Juan DOE would smirk and laugh at Plaintiff whenever he saw her;

17. As a proximate result of the conduct of defendants, Plaintiff has suffered severe emotional distress, and will continue to suffer severe emotional distress;

18. As a proximate result of the conduct of defendants, Plaintiff has suffered wage and benefit loss, and will continue to suffer future wage and benefit loss;

19. The conduct of defendants was intentional, willful, malicious, oppressive, fraudulent, despicable and committed with deliberate indifference to the rights and safety of Plaintiff. As such, Plaintiff is entitled to an award of punitive damages;

THEREFORE, PLAINTIFF PRAYS FOR DAMAGES AS SET FORTH HEREINAFTER.

**SECOND CAUSE OF ACTION**
**(Retaliation)**
**(As to Kellogg)**

20. Plaintiff incorporates those paragraphs 1-19 as if set forth hereinafter in their entirety;

21. On or about February 23, 2007, Plaintiff reported the conduct of Juan DOE to her supervisor, Wallace Thomas. Mr. Thomas informed Plaintiff that he would immediately inform Human Resources and indicated that he was aware of previous behavior by Juan DOE;

22. Plaintiff was informed that an investigation would take place;

23. On or about March 9, 2007, Plaintiff was terminated from her employment with Defendant Kellogg. The reason given for Plaintiff's termination was pretextual;

24. As a proximate result of Plaintiff's complaint of sexual harassment, Defendant Kellogg retaliated against Plaintiff by terminating her employment;

25. As a proximate result of the conduct of defendants, Plaintiff has suffered emotional distress and continues, and will continue to suffer severe emotional distress;

26. As a proximate result of the conduct of defendants, Plaintiff has suffered wage and benefit loss, and will continue to suffer future wage and benefit loss;

27. The conduct of defendants was intentional, willful, malicious, oppressive, fraudulent, despicable and committed with deliberate indifference to the rights and safety of Plaintiff. As such, Plaintiff is entitled to an award of punitive damages;

THEREFORE, PLAINTIFF PRAYS FOR DAMAGES AS SET FORTH HEREINAFTER.

1. For general and compensatory damages according to proof;
2. For special damages according to proof;
3. For attorney fees;
4. For costs of suit;
5. For prejudgment interest;

6 For such other and further relief as this court deems appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES.**

Dated: July 14, 2008

Tim Reed, Esq.
Attorney for Plaintiff

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

JUL 14 08

J. Cao-Nguyen

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
KELLOGG, USA, INC. DOES 1-20

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANGELINA SANCHEZ

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es)*
SANTA CLARA COUNTY SUPERIOR COURT
191 NORTH FIRST STREET

SAN JOSE, CA 95113
SANTA CLARA COUNTY SUPERIOR COURT

CASE NUMBER: *(Número del Caso)*: 108 CV 117192

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
TIM REED, ESQ. #242578 408 292-8555 408 292-0704
ROBERT DAVID BAKER, INC.
1611 THE ALAMEDA
SAN JOSE, CA 95126

DATE: JULY 14, 2008 *(Fecha)*
DAVID H. YAMASAKI
Chief Executive Officer, Clerk
Clerk, by *(Secretario)* J. Cao-Nguyen, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: Kellogg USA Inc.

under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:

4. [X] by personal delivery on *(date)*: 8-12-08

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

CASE NUMBER 108CV117192

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

**PLEASE READ THIS ENTIRE FORM**

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

*DEFENDANT* (The person sued) **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint* ;
2. You must have an adult other than yourself personally deliver or mail a copy of your written response to Plaintiff's attorney, or to Plaintiff if Plaintiff has no attorney; and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), **www.scselfservice.org** (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8*

*Your Case Management Judge is:* Honorable Kevin J. Murphy *Department:* 22

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)

*Date:* DEC - 9 2008 *Time:* 3:00pm in Department: 22

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)

*Date:* ________ *Time:* ________ in Department ________

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

< Mediation may be appropriate when:
- < The parties want a non-adversary procedure
- < The parties have a continuing business or personal relationship
- < Communication problems are interfering with a resolution
- < There is an emotional element involved
- < The parties are interested in an injunction, consent decree, or other form of equitable relief

< **Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- < The parties are far apart in their view of the law or value of the case
- < The case involves a technical issue in which the evaluator has expertise
- < Case planning assistance would be helpful and would save legal fees and costs
- < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

· **Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties, then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:

- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

· **Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:

- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

· **Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

· **Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

***What kind of disputes can be resolved by ADR?***

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

***Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?***

*Contact:*
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2704

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):
TIM REED, ESQ. #242578
ROBERT DAVID BAKER, INC.
1611 THE ALAMEDA

SAN JOSE, CA 95126
TELEPHONE NO.: 408 292-8555 FAX NO.: 408 292-0703
ATTORNEY FOR (Name): ANGELINA SANCHEZ

FOR COURT USE ONLY

JUL 14 08

J. Cao-Nguyen

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 NORTH FIRST STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN JOSE, CA 95113
BRANCH NAME: SANTA CLARA COUNTY SUPERIOR COURT

CASE NAME: ANGELINA SANCHEZ V. KELLOGG, USA, INC.

## CIVIL CASE COVER SHEET

[X] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 1811)

CASE NUMBER: 108CV117192
JUDGE:
DEPT:

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify)*:

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015).*

Date: JULY 14, 2008

TIM REED, ESQ. #242578
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

### NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

## To Plaintiffs and Others Filing First Papers

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

## To Parties in Complex Cases

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)-Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case-Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential.)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rule 1800-1812)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**

ANGELINA SANCHEZ

**DEFENDANTS**

KELLOGG USA, INC.

(b) County of Residence of First Listed Plaintiff SANTA CLARA
(EXCEPT IN U.S. PLAINTIFF CASES)

ADR

County of Residence of First Listed Defendant MICHIGAN
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

ROBERT DAVID BAKER, INC.
Robert David Baker / Tim Reed
1611 The Alameda, San Jose, CA 95126
(408) 292-8555

E-FILING

Attorneys (If Known)

C 08 04062 HRL

McGUIREWOODS LLP
Matthew C. Kane / Sara E. Willey
1800 Century Park East, 8th Floor, Los Angeles, CA 90067
(310) 315-8295

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury—Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities – Other
- ☐ 440 Other Civil Rights

5

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus – Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
28 U.S.C. Sections 1332, 1441, and 1446

Brief description of cause:
Sexual Harassment - Hostile Environment and Retaliation

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** Unspecified

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**

**PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".** None

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)**

☐ SAN FRANCISCO/OAKLAND ☒ SAN JOSE

DATE
August 26, 2008

SIGNATURE OF ATTORNEY OF RECORD
[signature]