**MCGUIREWOODS LLP**
Matthew C. Kane, Esq. (SBN 171829)
    Email: mkane@mcguirewoods.com
Sara E. Willey, Esq. (SBN 249701)
    Email: swilley@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

Curtis L. Mack, Esq. (pro hac vice application forthcoming)
    Email: cmack@mcguirewoods.com
Halima Horton, Esq. (pro hac vice application forthcoming)
    Email: hhorton@mcguirewoods.com
1170 Peachtree Street, N.E., Suite 2100
Atlanta, GA 30309
Telephone: (404) 443-5500
Facsimile: (404) 443-5599

Attorneys for Defendant
KELLOGG USA, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ANGELINA SANCHEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>KELLOGG USA, INC.; DOES 1-20,<br><br>Defendants. | CASE NO: 5:08-cv-04062<br><br>[Santa Clara County Superior Court Case No. 108CV117192]<br><br>**DEFENDANT KELLOGG USA, INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:     July 14, 2008 |

6528581.1

Defendant Kellogg USA, Inc. ("Kellogg") hereby answers for itself and no other Defendant, the Complaint filed by Plaintiff Angelina Sanchez ("Plaintiff") as follows:

## PRELIMINARY STATEMENT

1. Answering Paragraph 1 of the Complaint, Kellogg generally and specifically denies the allegations that it is a California corporation duly organized and doing business under the laws of the State of California, and that it is liable to Plaintiff in any manner. Kellogg admits the remaining allegations contained in that Paragraph.

2. Answering Paragraph 2 of the Complaint, Kellogg lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, generally and specifically denies each and every allegation contained in that Paragraph.

3. Answering Paragraph 3 of the Complaint, Kellogg lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, generally and specifically denies each and every allegation contained in that Paragraph.

4. Answering Paragraph 4 of the Complaint, Kellogg lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, generally and specifically denies each and every allegation contained in that Paragraph.

5. Answering Paragraph 5 of the Complaint, Kellogg generally and specifically denies the allegations contained in that Paragraph 5 and specifically denies any unlawful practices or any injury to Plaintiff.

6. Answering Paragraph 6 of the Complaint, Kellogg admits the allegations contained in that Paragraph.

7. Answering Paragraph 7 of the Complaint, Kellogg admits that the FEHA protects covered employees against gender-based discrimination. Except as expressly admitted herein, Kellogg generally and specifically denies the allegations contained

in that Paragraph and specifically denies that it discriminated against Plaintiff based on her status as a female.

8. Answering Paragraph 8 of the Complaint, Kellogg admits the allegations contained in that Paragraph.

9. Answering Paragraph 9 of the Complaint, Kellogg admits the allegations contained in that Paragraph.

10. Answering Paragraph 10 of the Complaint, Kellogg admits the allegations contained in that Paragraph, but generally and specifically denies that Plaintiff has timely and properly exhausted her administrative remedies.

**FIRST CAUSE OF ACTION – ALLEGED SEXUAL HARASSMENT HOSTILE ENVIRONMENT (AS TO ALL DEFENDANTS)**

11. Answering Paragraph 11 of the Complaint, Kellogg incorporates its admissions, denials and defenses set forth in this Answer.

12. Answering Paragraph 12 of the Complaint, Kellogg lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, generally and specifically denies each and every allegation contained in that Paragraph.

13. Answering Paragraph 13 of the Complaint, Kellogg lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, generally and specifically denies each and every allegation contained in that Paragraph.

14. Answering Paragraph 14 of the Complaint, Kellogg lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, generally and specifically denies each and every allegation contained in that Paragraph.

15. Answering Paragraph 15 of the Complaint, Kellogg admits only that Plaintiff had a discussion with her immediate supervisor Wallace Thomas, regarding a co-worker. Kellogg generally and specifically denies each and every remaining allegation

contained in Paragraph 15 of the Complaint, including those made by reference to Paragraph 14 of the Complaint.

16. Answering Paragraph 16 of the Complaint, Kellogg lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, generally and specifically denies each and every allegation contained in that Paragraph.

17. Answering Paragraph 17 of the Complaint, Kellogg generally and specifically denies each and every allegation contained in that Paragraph.

18. Answering Paragraph 18 of the Complaint, Kellogg generally and specifically denies each and every allegation contained in that Paragraph.

19. Answering Paragraph 19 of the Complaint, Kellogg generally and specifically denies each and every allegation contained in that Paragraph.

WHEREFORE, Kellogg generally and specifically denies that Plaintiff is entitled to any damages from Kellogg as prayed for in the Complaint.

## SECOND CAUSE OF ACTION – ALLEGED RETALIATION (AS TO KELLOGG)

20. Answering Paragraph 20 of the Complaint, Kellogg incorporates its admissions, denials and defenses set forth in this Answer.

21. Answering Paragraph 21 of the Complaint, Kellogg admits only that on or about February 23, 2007, Plaintiff made a report to her supervisor, Wallace Thomas, who informed Plaintiff that he would immediately forward the report to Human Resources. Kellogg generally and specifically denies each and every remaining allegation contained in Paragraph 21 of the Complaint.

22. Kellogg lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, generally and specifically denies each and every allegation contained in that Paragraph.

23. Answering Paragraph 22 of the Complaint, Kellogg admits the allegations contained in that Paragraph.

24. Answering Paragraph 23 of the Complaint, Kellogg admits that on or about March 29, 2007, Plaintiff was terminated from her employment with Kellogg; except as specifically admitted herein, Kellogg generally and specifically denies the remaining allegations contained in Paragraph 23 of the Complaint, and specifically denies that the reason given for Plaintiff's termination was pretextual.

25. Answering Paragraph 24 of the Complaint, Kellogg generally and specifically denies each and every allegation contained in that Paragraph.

26. Answering Paragraph 25 of the Complaint, Kellogg generally and specifically denies each and every allegation contained in that Paragraph.

27. Answering Paragraph 26 of the Complaint, Kellogg generally and specifically denies each and every allegation contained in that Paragraph.

28. Answering Paragraph 27 of the Complaint, Kellogg generally and specifically denies each and every allegation contained in that Paragraph.

WHEREFORE, Kellogg generally and specifically denies that Plaintiff is entitled to any damages from Kellogg as prayed for in the Complaint.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

For its affirmative and other defenses, Kellogg asserts that each of the following is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery:

## FIRST AFFIRMATIVE OR OTHER DEFENSE

1. Plaintiff's Complaint and each and every purported cause of action alleged therein fails to state any claim against Kellogg upon which relief can be granted.

## SECOND AFFIRMATIVE OR OTHER DEFENSE

2. Plaintiff's Complaint and each and every purported cause of action therein is barred in whole or part by all applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 335.1, 338, 340, and/or 343, California Government Code §§ 12940, 12945.2, 12960, 12965(b) and 12965(d), and California Business and Professions Code § 17208.

### THIRD AFFIRMATIVE OR OTHER DEFENSE

3. Without admitting the existence of any duties or obligations as alleged in the Complaint, any such duties or obligations which Plaintiff was owed by Kellogg have been fully performed, satisfied, and/or discharged.

### FOURTH AFFIRMATIVE OR OTHER DEFENSE

4. Plaintiff's Complaint and each and every purported cause of action therein is barred as a result of Plaintiff's failure to exhaust contractual and/or internal grievance and adjustment procedures and remedies.

### FIFTH AFFIRMATIVE OR OTHER DEFENSE

5. Plaintiff's Complaint and each and every purported cause of action therein is preempted by the National Labor Relations Act.

### SIXTH AFFIRMATIVE OR OTHER DEFENSE

6. Plaintiff has failed to exercise reasonable diligence to mitigate her harm/damages (if any were in fact suffered, which is expressly denied) and, therefore, she is barred from recovering any damages or any damages awarded should be reduced accordingly.

### SEVENTH AFFIRMATIVE OR OTHER DEFENSE

7. If Plaintiff suffered any harm/damages (which is expressly denied), said harm/damages was proximately caused by the acts of third parties that are not affiliated in any way with Defendants.

### EIGHT AFFIRMATIVE OR OTHER DEFENSE

8. If Plaintiff suffered any harm/damages (which is expressly denied), said harm/damages was proximately caused by her own acts.

### NINTH AFFIRMATIVE OR OTHER DEFENSE

9. Plaintiff's Complaint and each and every purported cause of action alleged therein is barred by the doctrine of estoppel.

### TENTH AFFIRMATIVE OR OTHER DEFENSE

10. Plaintiff's Complaint and each and every purported cause of action alleged therein

is barred by the doctrine of waiver.

**ELEVENTH AFFIRMATIVE OR OTHER DEFENSE**

11. Plaintiff's Complaint and each and every purported cause of action alleged therein is barred by the doctrine of laches.

**TWELFTH AFFIRMATIVE OR OTHER DEFENSE**

12. Plaintiff's Complaint and each and every purported cause of action alleged therein is barred by the doctrine of consent.

**THIRTEENTH AFFIRMATIVE OR OTHER DEFENSE**

13. Plaintiff's Complaint and each and every purported cause of action alleged therein is barred by the doctrine of "unclean hands."

**FOURTEENTH AFFIRMATIVE OR OTHER DEFENSE**

14. Kellogg acted reasonably, lawfully, and in good faith at all times material herein based on all relevant facts and circumstances known to it.

**FIFTEENTH AFFIRMATIVE OR OTHER DEFENSE**

15. Kellogg's actions were for legitimate business reasons and not for discriminatory or retaliatory reasons, nor were its actions based upon a violation of public policy or on other factors protected by law.

**SIXTEENTH AFFIRMATIVE OR OTHER DEFENSE**

16. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Kellogg's conduct was at all times privileged, undertaken in good faith and/or justified under California law, and for legitimate business reasons.

**SEVENTEENTH AFFIRMATIVE OR OTHER DEFENSE**

17. Kellogg is entitled to an offset for any monies received by Plaintiff from any source in compensation for her alleged economic and non-economic damages under the common law doctrine of offset and under the doctrine prohibiting double recovery set forth under <u>Witt v. Jackson</u>, 57 Cal.2d 57 (1961), and its progeny.

**EIGHTEENTH AFFIRMATIVE OR OTHER DEFENSE**

18.     Any recovery on Plaintiff's Complaint, or on each purported cause of action alleged therein, is barred by California Labor Code §§ 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of her duties and failed to comply substantially with the reasonable directions of her employer.

**NINETEENTH AFFIRMATIVE OR OTHER DEFENSE**

19.     Kellogg's actions with reference to Plaintiff were taken in the good faith exercise of its professional judgment, with the honest, reasonable belief that such actions and conduct were warranted by the facts and circumstances known to it at the time.

**TWENTIETH AFFIRMATIVE OR OTHER DEFENSE**

20.     Plaintiff's Complaint, and each and every purported claim alleged therein, is barred by the common law doctrine of managerial privilege/immunity and/or by other applicable statutory and common law doctrines of privilege and immunity, including without limitation under Cal. Civil Code § 47.

**TWENTY-FIRST AFFIRMATIVE OR OTHER DEFENSE**

21.     Plaintiff's Complaint, and each and every purported claim alleged therein, is barred because Defendants acted in good faith and for legitimate non-discriminatory, non-retaliatory purposes, and exercised honest judgment in the lawful and legitimate furtherance of corporate purposes and not based upon any reason in violation of public policy or other factors protected by law.

**TWENTY-SECOND AFFIRMATIVE OR OTHER DEFENSE**

22.     If Plaintiff sustained any of the damages alleged, which Kellogg expressly denies, such damages were caused or contributed, in whole or in part, by the carelessness, negligence, want of care or other conduct or misconduct on the part of Plaintiff; and, in the event that Kellogg is found liable for any of the damages asserted, either individually or collectively, Kellogg is entitled to have its respective liability diminished in proportion to the damages attributable to the culpable conduct of Plaintiff and/or any other Defendant(s).

**TWENTY-THIRD AFFIRMATIVE OR OTHER DEFENSE**

23.  To the extent that the Complaint and each and every purported claim alleged therein alleges emotional or physical injury, this Court lacks jurisdiction and any recovery is barred by the exclusive remedy provisions of the California Workers' Compensation Act, Labor Code §§ 3200 *et seq*.

**TWENTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE**

24.  Any damages or recovery on Plaintiff's Complaint and each and every purported claim alleged therein are barred by the Avoidable Consequences Doctrine because (1) Kellogg exercised reasonable steps to prevent and correct any workplace behavior alleged to be unlawful; (2) Plaintiff unreasonably failed to use the preventative and corrective measures that Defendant provided; and (3) reasonable use of Kellogg's procedures would have prevented at least some of the harm that Plaintiff suffered.

**TWENTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE**

25.  Any recovery on Plaintiff's Complaint and each and every purported claim alleged therein is barred in that this Court lacks jurisdiction over such claims because Plaintiff has failed to timely and properly exhaust her administrative remedies prior to commencing this civil action as required by law.

**TWENTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE**

26.  In the event that through the course of discovery or otherwise, Kellogg should obtain so-called after-acquired evidence, any recovery on Plaintiff's Complaint, and each and every purported claim alleged therein, is barred.

**TWENTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE**

27.  Any recovery on Plaintiff's Complaint and each purported claim alleged therein is barred in whole or in part because Defendant Kellogg maintained policies prohibiting unlawful conduct and a work environment free from discrimination, harassment and retaliation.

**TWENTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE**

28.  Any recovery on Plaintiff's Complaint or any purported claim alleged therein is

barred because Plaintiff was not discriminated or retaliated against and/or subjected to any adverse employment action because of her alleged exercise of her rights under the Fair Employment and Housing Act ("FEHA").

**TWENTY-NINTH AFFIRMATIVE OR OTHER DEFENSE**

29. The liability of Kellogg, if any, for the non-economic damages claimed by Plaintiff is limited by Civil Code §§1431.1 *et seq.*

**THIRTIETH AFFIRMATIVE OR OTHER DEFENSE**

30. Plaintiff's Complaint and each and every purported claim alleged therein, to the extent that it seeks penalties, or punitive or exemplary damages, is barred because it violates Defendants' right to due process under the United States Constitution, including without limitation the Fourteenth Amendment thereto, and the Constitution of the State of California.

**THIRTY-FIRST AFFIRMATIVE OR OTHER DEFENSE**

31. Plaintiff's claim for exemplary and punitive damages is barred because Plaintiff has failed to make sufficient allegations of malice, oppression, fraud, or other basis for such damages.

**THIRTY-SECOND AFFIRMATIVE OR OTHER DEFENSE**

32. Any recovery for punitive damages on Plaintiff's Complaint is barred to the extent no officer, director, or managing agent of Kellogg had any advance knowledge of the unfitness of any employee Plaintiff claims to have engaged in the conduct alleged in the Complaint, employed any such employee with a conscious disregard of the rights or safety of others, authorized or ratified any such alleged conduct, or was personally guilty of oppression, fraud or malice.

**THIRTY-THIRD AFFIRMATIVE OR OTHER DEFENSE**

33. The Complaint, and each purported claim alleged therein, fails to state a claim for attorneys' fees against Kellogg.

**THIRTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE**

34. Kellogg has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action and is thereby entitled to an award of reasonable attorneys' fees pursuant to applicable law, including without limitation Government Code § 12965, upon

judgment thereon in Kellogg's favor.

Because Plaintiff's Complaint is couched in conclusory terms, Kellogg reserves the right to amend or add additional affirmative or other defenses that may later become known.

WHEREFORE, Kellogg prays for judgment as follows:

1. That Plaintiff take nothing by way of her Complaint;

2. That the Complaint be dismissed in its entirety as against Kellogg, with prejudice;

3. That Plaintiff be denied each and every demand and prayer for relief in the action;

4. For costs of suit incurred herein, including reasonable attorney's fees pursuant to applicable law; and

5. For such other and further relief as the Court deems just and proper.

DATED: September 3, 2008        **MCGUIREWOODS LLP**

By:    /s/ Matthew C. Kane
       Matthew C. Kane, Esq.
       Sara E. Willey, Esq.

       Curtis L. Mack, Esq., *pro hac vice* application forthcoming
       Halima Horton, Esq., *pro hac vice* application forthcoming

       Attorneys for Defendant
       KELLOGG USA, INC.

**DEMAND FOR JURY TRIAL**

Defendant KELLOGG USA, INC. hereby demands a trial by jury on all claims, causes of action, and issues so triable.

DATED: September 3, 2008                    **McGuireWoods LLP**

By:   /s/ Matthew C. Kane
Matthew C. Kane, Esq.
Sara E. Willey, Esq.

Curtis L. Mack, Esq., *pro hac vice* application forthcoming
Halima Horton, Esq., *pro hac vice* application forthcoming

Attorneys for Defendant
KELLOGG USA, INC.